```
                    United States District Court
                      District of Massachusetts
 _____
                                    )
UNITED STATES OF AMERICA,           )
                                    )
         Plaintiff,                 )
                                    )   Criminal Action No.
         v.                         )   11-cr-30017-NMG
                                    )
JOHN CONDO et al.,                  )
                                    )
         Defendants.                )
                                    )
 _____)
```

## MEMORANDUM & ORDER

**GORTON, J.**

This case involves wire fraud, money laundering and associated conspiracy charges against four co-defendants. The government alleges that John Condo ("Condo"), Evripides Georgiadis ("Georgiadis"), Michael Zanetti ("Zanetti") and Frank Barecich ("Barechich") (collectively, "defendants") set up a fictional private equity firm which accepted deposits from prospective developers but did not return those deposits. Pending before the Court are motions of defendant Georgiadis to dismiss the charge of conspiracy to commit money laundering and to dismiss the entire indictment for improper venue.

## I.   Background

At an unknown time before October, 2007, the defendants allegedly set up a fictional private equity fund, BBDA Global Investment Fund ("the Fund"), which was supposedly located in

Luxembourg and funded by wealthy European investors. The defendants also set up a Florida corporation as an alter ego of a fictional New Zealand bank known as Century Savings & Trust Limited ("Century"). Century purported to be an offshore bank that would accept deposits and lend money to clients but, in reality, Century never held any funds.

Defendants Condo and Georgiadis both held themselves out as corporate officers of the Fund and other corporations with "BBDA" and "Century" in their names. Defendant Zanetti was purportedly the underwriter for the Fund and defendant Barecich acted as the broker and client manager.

The defendants are collectively charged with conspiring to commit wire fraud. The objective of the alleged conspiracy was to defraud developers by inducing them to make what they believed to be fully-refundable deposits. The defendants represented that the deposits would be kept safe but, if asked, would then refuse to return the developers' money. The defendants allegedly carried out the conspiracy largely through sending emails and inducing developers to wire deposits to various "Century" accounts. The defendants are further charged with 14 specific acts of wire fraud. Each count of wire fraud charges that the defendants used interstate communications systems to contact persons in Massachusetts.

Additionally, defendants Georgiadis, Zanetti and Barecich are charged with conspiring to commit money laundering. They allegedly set up different entities and bank accounts in order to conceal the origin of developers' deposits and then used the money for their own benefit. Defendant Condo is not charged with conspiracy to commit money laundering because the government agreed to dismiss that charge as a condition of his extradition from Italy.

## II. Motion to Dismiss Count 16

Defendant Georgiadis moves to dismiss the conspiracy to commit money laundering, claiming the "rule of specialty," which provides that extradited defendants may be tried only for crimes which both the extraditing nation and the receiving nation deem extraditable. Georgiadis, a native of Greece, was arrested in the Republic of Croatia in May, 2012, and was extradited to the United States in February, 2013. In his motion, Georgiadis claims that extradition on the charge of conspiracy to commit money laundering was improper because Croatia and the United States do not have an extradition treaty which covers the crime of money laundering. Georgiadis further requests that the Court order the government to use the grand jury process only as to matters on which he has already been charged and extradited.

The government responds that this "specialty" challenge must fail for three reasons: 1) Croatia clearly indicated its intent to extradite Georgiadis on the charge of conspiracy to commit money laundering, 2) U.S. courts may try extradited defendants for crimes that involve similar conduct as that charged in an extradition order and 3) even if the crime of money laundering was not covered by the original extradition treaty between the United States and Croatia, the United Nations Convention Against Transnational Organized Crime Convention ("UNTOC Convention") effectively amended the extradition treaty.

### A.   Applicable Law

In the First Circuit Court of Appeals, the doctrine of specialty "generally requires that an extradited defendant be tried for the crimes on which extradition has been granted, and none other." United States v. Saccoccia, 58 F.3d 754, 766 (1st Cir. 1995). The doctrine of specialty exists to promote international cooperation and respect for partner nations' laws. See id. at 766-67. Specialty is not an inflexible command and prosecution is not necessarily "limited to specific offenses enumerated in the extradition order." Id. at 767.

In deciding whether the prosecution has overstepped specialty's requirements, a court must assess whether the surrendering nation would consider the conduct for which the United States actually prosecutes the defendant "interconnected

with (as opposed to independent from)" the behavior underlying the extradition. Id.  If the conduct underlying the new charges is sufficiently similar to the charges on which the defendant was extradited, those charges comport with the rule of specialty. United States v. Tse, 135 F.3d 200, 205 (1st Cir. 1998) (affirming conviction on one charge even though defendant was extradited on another charge because the conduct underlying each charge was sufficiently similar).

**B.   Analysis**

Georgiadis maintains that prosecuting him for conspiracy to commit money laundering violates the doctrine of specialty because the extradition treaty between the United States and Croatia, a treaty signed in 1902, does not expressly mention money laundering as an extraditable offense.  However, this contention fails on three accounts:

1.  First Circuit precedent clearly indicates that the most important inquiry involves the surrendering nation's intentions when extraditing an individual.  Georgiadis does not, nor could he reasonably, contest the fact that the Croatia order extradited him to face a conspiracy to commit money laundering charge.  Croatia clearly intended to surrender Georgiadis for money laundering prosecution as evidenced by the specific reference to that crime in the order and the relevant section of the U.S. Code.  Moreover, dismissing the money laundering count

would not further international comity interests because Croatia explicitly consented to extraditing Georgiadis for money laundering prosecution. See Saccoccia, 58 F.3d at 766.  The act of state doctrine prevents this Court from questioning the acts of a sovereign nation "within its own territory." Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401 (1964).

    2.  Even if Croatia had not explicitly surrendered Georgiadis to face the charge of conspiracy to commit money laundering, there is substantial similarity between the acts for which he was extradited by Croatia and the acts for which he is being prosecuted here.  Indeed, those acts are, in all material respects, identical. See Tse, 135 F.3d at 205 (affirming attempted murder conviction of defendant who was extradited for conspiracy because underlying conduct was similar).  Georgiadis has pointed to no charge which consists of acts other than those for which Croatia extradited him.

    3.  Georgiadis's argument that he may not face money laundering charges because the original extradition treaty, which does not expressly mention money laundering, was not amended by the UNTOC Convention, to which both Croatia and the United States are parties, also lacks merit.  Georgiadis does not contend that Croatia and the United States are not parties to the UNTOC Convention or that money laundering is not included in the UNTOC Convention.  Both nations are parties to the UNTOC

-6-

Convention, which, <u>inter alia</u>, mandates that nations classify money laundering as an extraditable offense.

It is not this Court's role to question whether Croatia decided to extradite Georgiadis under the original treaty or the UNTOC Convention. <u>See</u> <u>id.</u> at 767 ("[T]he inquiry into specialty boils down to whether...the court in the requesting state reasonably believes that prosecuting the defendant on particular charges contradicts the surrendering state's manifest intentions ...."). Accordingly, this Court will not second-guess Croatia's explicitly communicated decision to extradite Georgiadis to face the charge of conspiracy to commit money laundering.

Georgiadis further requests this Court enjoin the grand jury from investigating the money laundering charge or any charges for which he has not been extradited. As shown previously, however, Georgiadis may be prosecuted for conspiracy to commit money laundering and, therefore, this Court need not reach the merits of that question.

Because Croatia specifically extradited Georgiadis to face the conspiracy to commit money laundering charge, this count does not violate the rule of specialty. Therefore, Georgiadis's motion to dismiss this count will be denied. Because the United States may proceed to prosecute Georgiadis for the charge of conspiracy to commit money laundering, Georgiadis's motion to

enjoin the grand jury from investigating the same charge will similarly be denied.

### III. Motion to Dismiss Indictment

Georgiadis also moves to dismiss the entire indictment, claiming that this Court is an improper venue.  He argues that the criminal activity the government alleges does not bear a sufficient relationship to Massachusetts for him to face prosecution in this Court.

The Constitution provides criminal defendants the right to a trial in the state where the crimes are alleged to have been committed. U.S. Const. Art. III, § 2, cl. 3.  When "the crime consists of distinct parts occurring in different places, venue is proper where any part of the crime occurred." United States v. Salinas, 373 F.3d 161, 164 (1st Cir. 2004).  A defendant may face a conspiracy charge "in any district in which an act in furtherance of the charged conspiracy has taken place," even if the defendant's physical presence in the district is not shown. United States v. Santiago, 83 F.3d 20, 25 (1st Cir. 1996). Venue for a wire fraud charge is proper in a district where the offense started, persisted or concluded. See United States v. Carpenter, 405 F. Supp. 2d 85, 91 (D. Mass. 2005).

The superseding indictment in this case alleges specific acts of wire fraud within Massachusetts.  Each actual wire fraud count alleges wire communications which entered this Court's

jurisdiction. As these overt acts also support the conspiracy allegations, the attendant conspiracy charges also concern activity occurring in this district. Because the superseding indictment alleges criminal conduct in the Commonwealth of Massachusetts, venue in this district is appropriate and Georgiadis's motions to dismiss the indictment for lack of proper venue will be denied. Georgiadis does not press the venue issue regarding the charge of conspiracy to commit money laundering, so this Court presumes there is no dispute on that count.[1]

### ORDER

For the foregoing reasons, defendant Evripides Georgiadis's motion to dismiss Count 16 and enjoin the grand jury (Docket No. 153) is **DENIED** and his motion to dismiss the indictment (Docket No. 166) is also **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 7, 2014

---

[1] Defendant John Condo also filed a motion to dismiss on these grounds, see Docket No. 164, but he subsequently pled guilty, obviating the need for the Court to address this issue as to the charges against him.